IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SHARON A. MOORE, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 1:08-CV-020-C |
| | § | ECF |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | Referred to the United States |
| Defendant. | § | Magistrate Judge |

## REPORT AND RECOMMENDATION

**THIS CASE** is before the court upon Plaintiff's complaint filed February 27, 2008, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for a period of disability and disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. On February 27, 2008, the United States District Judge, pursuant to 28 U.S.C. § 636(b), reassigned this case to the United States Magistrate Judge for all further proceedings. Plaintiff filed a brief in support of her complaint on May 30, 2008, Defendant filed a brief on June 23, 2008, and Plaintiff filed her reply on July 7, 2008. This court has considered the pleadings, the briefs, and the administrative record and recommends that the United States District Judge reverse the Commissioner's decision and remand this case for further administrative proceedings.

## I. STATEMENT OF THE CASE

Plaintiff filed applications for a period of disability and disability insurance benefits and for SSI benefits on July 14, 2005, with a protective filing date of July 11, 2005, for the SSI application, alleging disability beginning June 30, 2005. Tr. 14-15, 41-43. Plaintiff's applications were denied initially and upon reconsideration. Tr. 14, 38-40. Plaintiff filed a Request for Hearing by Administrative Law Judge on April 28, 2006, and this case came for hearing before the Administrative Law Judge ("ALJ") on June 5, 2007. Tr. 14, 32-33, 632-53. Plaintiff and counsel appeared by teleconference. Tr. 634. Plaintiff, represented by an attorney, testified in her own behalf. Tr. 636-46. Todd Harden, a vocational expert ("VE"), appeared and testified as well. Tr. 647-51. The ALJ issued a decision unfavorable to Plaintiff on August 27, 2007. Tr. 11-22.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that: Plaintiff met the disability insured status requirements on June 30, 2005, through the date of his decision, and Plaintiff had not engaged in substantial gainful activity at any time since June 30, 2005. Tr. 15. Plaintiff has "severe" impairments, including depression, post-traumatic stress disorder, neck pain, shoulder pain, arm pain, sleep apnea, and obesity. *Id*. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 16. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 19.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. *Id*.

The ALJ found that Plaintiff could return to her past relevant work as a dispatcher. Tr. 20. He noted that Plaintiff was considered a person of "advanced age" with an eleventh grade education. 20 C.F.R. §§ 416.963, 416.964; Tr. 21.

Although the ALJ found that Plaintiff could return to her past relevant work as a dispatcher, he also noted that Plaintiff had performed that job for a relatively short period of time and, therefore, decided to proceed to Step 5 of the sequential evaluation process.

The ALJ found that Plaintiff retained the RFC to perform, on a sustained basis, the requirements of sedentary work activity, limited to jobs that require only occasionally lifting and/or carrying 10 pounds; frequently lifting and/or carrying less than 10 pounds; standing and/or walking about 6 hours in an 8-hour workday; and sitting for about 6 hours in an 8-hour workday (with the opportunity to periodically alternate sitting and standing to relieve pain or discomfort). Plaintiff is further limited to no ladders, ropes, or scaffolds; no crawling; only occasional balancing, kneeling, crouching, or stooping; only occasional reaching with the right hand/arm; no more than occasional movement of the head from side to side or up and down; and no hazardous moving machinery or unprotected heights. Plaintiff is capable, however, of frequent handling, fingering, and feeling with the right hand/arm; constant reaching, handling, fingering, and feeling with the left hand/arm; understanding, remembering, and carrying out detailed instructions; and making judgments on detailed work-related decisions. Tr. 16. Having found that Plaintiff could not perform the full range of sedentary work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite her severe impairments. Tr. 21. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers

in the national economy, including the jobs of appointment clerk, with 2,800 jobs in Texas and 34,000 jobs nationally; clerk cashier, with 4,000 jobs in Texas and 50,000 jobs nationally; maintenance dispatcher, with 1,600 jobs in Texas and 20,000 jobs nationally; and telephone solicitor, with 4,000 jobs in Texas and 50,000 jobs nationally. *Id*. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. Tr. 21-22.

Plaintiff submitted a Request for Review of Hearing Decision/Order on September 27, 2007. Tr. 9-11. The Appeals Council denied Plaintiff's request and issued its opinion on January 22, 2008, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 3-4. The ALJ's decision, therefore, became the final decision of the Commissioner.

On February 27, 2008, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States District Court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's

decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or supplemental security income, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work in significant numbers in the national economy. Tr. 21.

### III.   DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to consider all of Plaintiff's functional limitations, erred at step 4 in finding that Plaintiff could return to her past relevant work, and failed to carry his burden at step 5 to establish the existence of work in significant numbers that Plaintiff can perform.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A.     Whether the ALJ erred by failing to consider all of the limitations imposed by Plaintiff's impairments.**

Plaintiff argues that the ALJ erred at step 3 of the sequential evaluation process by failing to appropriately consider all of the limitations imposed by her impairments in making his RFC finding. Plaintiff argues that the ALJ erred in finding that she retained the RFC to understand, remember, and carry out detailed, but not complex, instructions and erred in finding that she retained the RFC to perform the jobs identified by the VE given the limitations imposed by her impairments.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Social Security Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. SSR 96-8p.

In his decision the ALJ noted Plaintiff's complaints of depression. Tr. 17-19. He addressed the part "b" and "part c" criteria of Sections 12.01, 12.04, and 12.06 of the Listing of Impairments.

In evaluating mental disorders under the Listing of Impairments, the Commissioner first considers whether the claimant has a medically determinable mental impairment. *See* 20 C.F.R. Pt. 4, Subpt. P, App. 1, § 12.00. Upon such a determination, the Commissioner then considers the criteria set forth in paragraphs B and C, which describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity. *Id*. The functional limitations in

paragraphs B and C must be the result of the mental disorder described in the diagnostic description that is manifested by the medical findings. *Id*. The Commissioner will first consider the paragraph B criteria before the paragraph C criteria and will assess the paragraph C criteria only if it is found that the paragraph B criteria are not satisfied. *Id*. The claimant will be found to meet a listed impairment if the diagnostic description in the introductory paragraph and the criteria of both paragraphs A and B (or A and C, when appropriate) of the listed impairment are satisfied, thereby establishing presumptive disability. 20 C.F.R. Pt. 4, Subpt. P, App. 1, § 12.00.

The ALJ found that Plaintiff was mildly limited in the activities of daily living; was moderately limited in social functioning; was moderately limited in concentration, persistence, and pace; and had no episodes of decompensation of extended duration. Tr. 18. In so finding, the ALJ specifically noted that his RFC reflected nonexertinoal limitations in consideration of such findings. Tr. 19. Plaintiff argues that the ALJ failed to consider how the limitations noted would impact her ability to perform the work identified, failed to incorporate specific limitations noted by the state agency medical consultants ("SAMCs"), and that the RFC finding is thus incomplete.

The court makes separate findings regarding the ALJ's step 5 determination and thus does not address Plaintiff's claims that the ALJ failed to appropriately consider whether she would be able to perform the dispatcher job.

Plaintiff argues that the ALJ erred by failing to question the VE as to whether a moderate deficit in maintaining concentration, persistence, or pace would affect her ability to perform the job of dispatcher.

The ALJ is not required to incorporate limitations into the hypothetical questions presented to the VE that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). Here, the ALJ incorporated nonexertional limitations into the RFC finding to reflect his evaluation of the evidence regarding Plaintiff's mental impairment. Tr. 16, 19. The ALJ found

that Plaintiff was limited in understanding, remembering, and carrying out detailed instructions and in making judgments on detailed work related decisions. Tr. 16. The ALJ found that this finding was supported by the opinions of the medical consultants. While Plaintiff argues that the SAMCs indicated certain limitations in completing the Mental Residual Functional Capacity Assessment form which did not specifically coincide with the ALJ's RFC finding, the record demonstrates that the consultant opined that Plaintiff is "able to understand, remember, and carry out detailed but not complex instructions, make basic decisions, concentrate for extended periods, interact with others and respond to change." Tr. 550. The record does not demonstrate that the ALJ failed to consider the nonexertional limitations noted by the SAMC, and indeed, demonstrates that the ALJ's RFC finding is not inconsistent with the conclusion reach by such consultant. Plaintiff notes that the psychological consultative examiner, Dr. Charles Rudolph, indicated that her ability to "make personal, social, and occupational adjustments is significantly reduced." Tr. 546. However, as Defendant notes, Dr. Rudolph did not indicate specific work-related limitations. In addition, the ALJ appropriately discussed Dr. Rudolph's report and the medical evidence of record regarding Plaintiff' mental impairment in making his RFC determination. Tr. 18-19. The ALJ discussed Dr. Rudolph's report of Plaintiff's social and daily activities, that her memory was somewhat deficient during his examination, and that her concentration was adequate and the relationship between such reports and his evaluation under the "part b" criteria. Tr. 18. The ALJ also appropriately discussed the relationship between his "part b" findings and the nonexertional limitations incorporated into the RFC assessment to reflect any limitations imposed by Plaintiff's mental impairment. Tr. 19.

"The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th

Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.* The ALJ properly exercised his responsibility as factfinder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were most supported by the record. *Muse*, 925 F.2d at 790. The court finds that the ALJ did not err by failing to appropriately consider all of the limitations imposed by Plaintiff's impairments, nor did he err in making his RFC assessment.

**B. Whether the ALJ erred in finding that Plaintiff had transferable skills and could perform work identified by the VE.**

Plaintiff argues that the ALJ erred in finding at step 4 that she had acquired transferable skills and could perform the work identified by the VE. Plaintiff argues that although the ALJ did not make a finding of ability to perform past relevant work and proceeded to step 5 of the sequential evaluation process, he failed to carry his burden to show that she retained the RFC to perform work which exists in the national economy. Plaintiff argues that the step 5 determination is based upon the ALJ's finding and the testimony of the VE indicating that Plaintiff had acquired transferable skills from her work as a dispatcher, which did not constitute "past relevant work" under the applicable regulations. Plaintiff argues that she could not have acquired transferable skills as defined under the regulations from an unsuccessful work attempt. Plaintiff argues that the testimony of the VE indicating that Plaintiff could perform identified jobs using the skills found transferable cannot constitute substantial evidence to support the ALJ's finding at step 5.

The VE in this case testified that Plaintiff had acquired transferable skills in customer service from her previous work as a dispatcher with a tow truck company. Tr. 647-48. The VE also testified that a hypothetical person with the RFC identified by the ALJ could perform the dispatcher job as it is customarily performed. Tr. 649. The ALJ noted in his opinion that Plaintiff had performed the dispatcher job for a relatively short period of time. Tr. 20. The ALJ also found that

Plaintiff had acquired the transferable skills of customer service from this job. Tr. 21. Because Plaintiff had performed the dispatcher job for such a short period of time, the ALJ did not conclude the sequential evaluation process at step 4 by finding that Plaintiff could perform her past relevant work; rather, he proceeded to step 5 and relied upon the testimony of the VE in finding that Plaintiff could perform other work which exists in the national economy. Tr. 20-21.

Two separate work history reports indicate that Plaintiff performed the dispatcher job for B&B Wrecker for approximately 2 months; another notation in the record indicates that Plaintiff performed the job for three months and that such work constituted an "unsuccessful work attempt." Tr. 81, 89, 112. The ALJ's decision indicates that the ALJ was aware that this job was performed for a short period of time. Tr. 20.

The ALJ's finding that Plaintiff obtained transferable skills from past employment must be supported by substantial evidence. A claimant's work experience encompasses the skills and abilities acquired through work done in the past, which shows the type of work a claimant may be expected to do. 20 C.F.R. § 404.1565. Transferable skills are those "that can be used in other jobs, when the skilled or semi-skilled work activities [the claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs." 20 CFR § 404.1568(d). If the claimant has acquired skills through his past work, the Commissioner will consider him to still have those skills unless the claimant cannot use them in other skilled or semi-skilled work that he can do now. 20 C.F.R. §§ 404.1565(a), 1568(d); Soc. Sec. Ruling 82-41 (February 26, 1979) ("SSR 82-41"). Transferability of skills is most probable or meaningful with jobs where the same or lesser degree of skill is required because people are not expected to do more complex work than they have previously performed. 20 C.F.R. § 404.1568(d); SSR 82-41. When skills are so specialized or have been acquired in an isolated vocational setting so that they are not readily usable in other work settings, the skills are not transferable. 20 C.F.R. § 404.1568(d)(3) (1986). Further, when a

claimant has performed work for a very short period of time and has, due to inability to adapt to that type of work, left that field, this period of employment generally does not qualify as past relevant work for purposes of determining transferable skills. Rather, the attempt is considered an "unsuccessful work effort." 20 C.F.R. § 404.1574(a)(1). 29 C.F.R. § 404.1574 (c)(3) indicates that a work attempt of 3 months or less will be considered an unsuccessful work attempt if the claimant stopped working or reduced work below the level of substantial gainful activity because of his or her impairment. The record indicates that the ALJ was aware of the short duration of this job and that this constituted an unsuccessful work attempt. Tr. 20, 112.

A vocational expert is called to testify because of his familiarity with job requirements and working conditions. *Vaughan v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995) (citing *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986)). "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Id.* In testifying, a vocational expert "is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Fields*, 805 F.2d at 1170. In this case the ALJ relied upon the testimony of the VE who indicated that Plaintiff had acquired transferable skills in customer service from the previous work that she performed as a dispatcher for B&B Wrecker.

The Commissioner correctly notes that the ALJ decision was based on step 5 of the sequential evaluation process and that many of the errors alleged by the Plaintiff occurred at step 4. The claimant bears the burden of proof on the first four steps, and then the burden shifts to the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy. *Masterson*, 309 F.3d at 272; *Newton*, 209 F.3d at 453. Once the Commissioner

makes this showing, the burden shifts back to the claimant at the step 5 finding. *Newton*, 209 F.3d at 453.

The ALJ supported his determination at step 5 by relying upon the testimony of the VE. Clearly, an ALJ may not rely on evidence provided by a VE if that evidence is based on underlying assumptions or definitions that are inconsistent with the agency's regulatory policies or definitions – such as exertional level, skill level, and transferability of skills. *See* Soc. Sec. Ruling 00-4p (December 4, 2000) ("SSR 00-4p").

The Eastern District of Texas has noted in a case where the ALJ proceeded from step 4 to step 5 of the sequential analysis that "it was the Secretary's afirmative burden to link up the plaintiff's skills with the proposed jobs. The skills must be based on plaintiff's own personal experiences." *See Jeffcoat v. Sect'y of Heath and Human Svs.,* 910 F. Sup. 1187, 119596 (E.D. Tex. Nov. 9, 1995), *adopted at* 1995 U.S. Dist. LEXIS 17815 (E.D. Tex. Dec. 7, 1995) (internal citations omitted).

If an individual is of advanced age, as Plaintiff was after her 55th birthday, with a severe impairment(s) that limits the claimant to sedentary or light work, the claimant will be found unable to make an adjustment to other work unless the claimant has skills that are transferable to other skilled or semiskilled work. 20 CFR § 404.1568(d)(4). As Plaintiff notes, if she was found to have no transferable skills, as a person of advanced age without the ability to perform the full range of sedentary level work, an evaluation under the Medical-Vocational Guidelines would direct a finding of disability. *See* 20 C.F.R. Part 404, Subpart P. App 2. Table No 1, Rule 201.02.

The Commissioner notes that the Plaintiff's representative failed to cross-examine the VE regarding the issue of transferable skills and argues that her failure to dispute the transferability of skills at the hearing precludes her from raising this issue, citing to *Perez v.Barnhart*, 415 F.3d 457,

464 (5th Cir. 2006). The Fifth Circuit in *Perez* specifically noted that the claimant had failed to offer evidence contrary to the VE's testimony. *Id.* In this case, however, Plaintiff specifically points to the ALJ's decision which indicated that her job as a dispatcher was performed "for a relatively short period of time." Tr. 20. She also notes that at least one agency official indicated that such work constituted an unsuccessful work attempt. Tr. 112. This case may be distinguished from the situation faced by the Fifth Circuit in *Perez*.

Given that the Commissioner bears the burden at step 5 to show that Plaintiff can perform other work which exists in the national economy and given the evidence in the record indicating that Plaintiff's prior work as a dispatcher constituted an unsuccessful work attempt, the ALJ's reliance upon the VE's testimony that Plaintiff acquired transferable skills from work which he deemed to have been performed for too short of a time period to support a finding of ability to perform past relevant work is problematic. The court finds that under the facts presented in this case, the ALJ's finding that Plaintiff acquired past relevant skills is not supported by substantial evidence in the record. Because this finding at step 4 was relied upon by the VE, who testified that Plaintiff acquired transferable skills and identified work which could be performed utilizing such skills, the VE's testimony does not constitute substantial evidence to support the ALJ's step 5 determination. Accordingly, the ALJ's finding that Plaintiff could perform other work which exists in the national economy is not supported by substantial evidence.

The court thus finds that the ALJ's decision is not supported by substantial evidence. Upon remand, the ALJ should further consider whether Plaintiff retains the RFC to perform work which exists in the national economy.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States District Judge reverse the Commissioner's decision and remand this case for further proceedings in accordance with this recommendation.

Plaintiff having refused consent to having the United States Magistrate Judge conduct all further proceedings in this case, this case is **TRANSFERRED** back to the docket of the United States District Judge

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1) and Rule 4(a) of Miscellaneous Order No. 6, For the Northern District of Texas, any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 11 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within 11 days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

DATED this 10th day of March, 2009.

                                                                                **PHILIP R. LANE**
                                                                                **UNITED STATES MAGISTRATE JUDGE**